UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
***ELECTRONICALLY FILED***

JAMES R. NEWTON

      Plaintiff,                        CIVIL ACTION NO. 3: 18-cv-00497-RGJ

  v.

AIR SYSTEMS, INC.

      Defendant.

| GARRY R. ADAMS<br>A. PETE LAY<br>Adams Landenwich Walton, PLLC<br>517 W. Ormsby Avenue<br>Louisville, Kentucky 40203<br>(502) 561-0085<br>garry@justiceky.com<br>pete@justiceky.com<br>*ATTORNEYS FOR PLAINTIFF* | DINSMORE & SHOHL, LLP<br>By: Andrey Tomkiw<br>Pro Hac Vice Admission<br>900 Wilshire Drive, Suite 300<br>Troy, Michigan 48084<br>(248) 647-6000<br>Andrey.tomkiw@dinsmore.com<br>*ATTORNEYS FOR DEFENDANT* |
|---|---|

## **DEFENDANT'S MOTION *IN LIMINE* TO STRIKE PLAINTIFF'S JURY DEMAND ON HIS EQUITABLE CLAIMS**

      Now comes, Air Systems, Inc. by and through its counsel, Dinsmore & Shohl, LLP, and respectfully moves this Court for entry of an Order striking Plaintiff's Jury Demand for his equitable claims, for the reasons articulated in the accompanying Memorandum in Support.

                                                                        Respectfully submitted,

                                                                        */s/ Andrey Tomkiw*
                                                                        Andrey Tomkiw *Pro Hac Vice*
                                                                        Dinsmore & Shohl, LLP
                                                                        900 Wilshire Drive Suite 300
                                                                        Troy, MI 48084
                                                                        (248) 647-6000
                                                                        (248) 647-5210
Dated: February 10, 2020                              Andrey.tomkiw@dinsmore.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
***ELECTRONICALLY FILED***

JAMES R. NEWTON

       Plaintiff,                             CIVIL ACTION NO. 3: 18-cv-00497-RGJ

  v.

AIR SYSTEMS, INC.

       Defendant.

| | |
|---|---|
| GARRY R. ADAMS<br>A. PETE LAY<br>Adams Landenwich Walton, PLLC<br>517 W. Ormsby Avenue<br>Louisville, Kentucky 40203<br>(502) 561-0085<br>garry@justiceky.com<br>pete@justiceky.com<br>*ATTORNEYS FOR PLAINTIFF* | DINSMORE & SHOHL, LLP<br>By: Andrey Tomkiw<br>Pro Hac Vice Admission<br>900 Wilshire Drive, Suite 300<br>Troy, Michigan 48084<br>(248) 647-6000<br>Andrey.tomkiw@dinsmore.com<br>*ATTORNEYS FOR DEFENDANT* |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION *IN LIMINE* TO STRIKE PLAINTIFF'S JURY DEMAND ON HIS EQUITABLE CLAIMS**

**INTRODUCTION AND STATEMENT OF FACTS**

On July 17, 2018, Plaintiff filed this matter in the Jefferson County Circuit Court in the state of Kentucky.[1] The Counts in the complaints are: Count I – Breach of Contract; Count II Promissory Estoppel/Detrimental Reliance; Count III – Unjust Enrichment; and Count V[2] - Violation of the Kentucky Wage and Hour Act.[3] As part of his Complaint, Plaintiff requested that "he be given a trial by jury on all issues so triable.[4]" No other jury demand was filed.

---

[1] **Exhibit 1**, Complaint.
[2] There is no Count IV in the Complaint.
[3] **Exhibit 1**.
[4] **Exhibit 1**, p. 5.

2

To the extent that the Court permits Plaintiff's equitable claims – Counts II and III – to proceed to trial[5], Plaintiff is not entitled to a trial by jury on these claims.

## LEGAL ARGUMENT

### I. PLAINTIFF IS NOT ENTITLED TO A JURY TRIAL ON HIS EQUITABLE CLAIMS.

The Kentucky Court of Appeals recently summed up Kentucky jurisprudence on the right to a trial by jury for litigants:

> Kentucky courts have determined that the right to trial by jury has occupied a central place in our jurisprudence. And, the fundamental right to a trial by jury, when a proper demand is made, is recognized by the Kentucky Constitution in Section 7, and incorporated into the Kentucky Rules of Civil Procedure. <u>But in civil cases, Kentucky law recognizes exceptions to the right to a jury</u>, including causes of action at common law that would have been regarded as arising in equity rather than law. <u>If the nature of the issues presented is essentially equitable, no jury trial is available</u>. If the issues are predominantly legal in scope, however, a right to a jury trial exists. … Accordingly, in Kentucky, equitable issues are not triable by juries unless agreed to by the parties.[6]

Under Kentucky law, both promissory estoppel and unjust enrichment are equitable claims.[7] Equitable claims, such as the claims pled here, have been repeatedly held under Kentucky law to be required to be tried by the court and not a jury.[8] Likewise, federal courts have held that the Seventh Amendment does not require a trial by jury when the claims are equitable in nature.[9] Thus, Plaintiff is not entitled to a trial by jury on his equitable claims.

---

[5] There is currently a Motion for Summary Judgment pending seeking outright dismissal of these claims.

[6] *Daniels v. CDB Bell, LLC*, 300 S.W.3d 204, 210 (Ky. App. 2009). (emphasis added) (internal quotations and citations omitted).

[7] *Clemans v. Nat'l Staffing Sols.*, Case No. 5:18-cv-00481-JMH, 2019 U.S. Dist. LEXIS 8894 *3-4 (E.D. Ky. January 18, 2019) (promissory estoppel is an equitable remedy); *Killian v. Tunacakes Props.*, 2012 Ky. App. LEXIS 8 *8-9 (Ky. App. 2012) (unjust enrichment is an equitable doctrine).

[8] See, *Superior Steel, Inc. v. Ascent at Roebling's Bridge, LLC*, 2017 Ky. LEXIS 570 *25 (Ky. 2017) ("Equitable claims, such as unjust enrichment, are heard and decided by the trial court, not the jury.")

[9] *Osborn v. Griffin*, 865 F.3d 417, 460-61 (6th Cir. 2017) ("The Seventh Amendment's jury trial guarantee applies to suits in which legal rights are to be ascertained and determined, in contradistinction to those where equitable rights alone are recognized, and equitable remedies are administered.)

## **CONCLUSION**

For the reasons articulated herein, Air Systems, Inc. respectfully requests this Honorable Court grant its Motion and strike Plaintiff's jury demand for his equitable claims of Promissory Estoppel and Unjust Enrichment.

Respectfully submitted,

/s/ Andrey Tomkiw
Andrey Tomkiw *Pro Hac Vice*
Dinsmore & Shohl, LLP
900 Wilshire Drive Suite 300
Troy, MI 48084
(248) 647-6000
(248) 647-5210
Andrey.tomkiw@dinsmore.com

Dated: February 10, 2020

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on February 10, 2020, I electronically filed the foregoing with the Clerk of the Court by using CM/ECF system, which will send notice of electronic filing to all counsel of record.

*/s/ Della A. Sugars*
Della A. Sugars