UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

JAMES R. NEWTON                                                                                             Plaintiff

v.                                                                                    Civil Action No. 3:18-cv-00497-RGJ

AIR SYSTEMS, INC.                                                                                         Defendant

\* \* \* \* \*

## MEMORANDUM OPINION & ORDER

Defendant, Air Systems, Inc. ("ASI") moves for summary judgment (the "Motion"). [DE 69]. Plaintiff, James Newton ("Newton") responded, [DE 76], and ASI replied [DE 84]. This matter is ripe for ruling. For the reasons stated, the Court **DENIES** ASI's Motion for Summary Judgment [DE 69].

## Facts

Newton filed a complaint (the "Complaint") against ASI, his former employer, alleging breach of contract, promissory estoppel and detrimental reliance, unjust enrichment, and violations of KRS Chapter 337 Kentucky Wage and Hour Act. [DE 1-1]. Newton alleges that ASI hired him as a commission-based employee and ASI paid commissions periodically during his employment. [DE 76 at 740]. Yet Newton alleges ASI did not pay all the commission owed to him. [*Id.* at 748]. To the contrary, ASI argues that Newton was a salaried employee and that there was neither an agreement to pay him commissions, nor were any commissions ever paid. [DE 69 at 593–98]. Both parties agree that there was no written employment contract at the start of Newton's employment. [*Id.* at 593]. That said, the parties dispute both the essential terms of Newton's initial employment agreement and whether the parties made any amendments or modifications to that agreement. [DE 69 at 593; DE 76 at 740, 743–45; DE 84 at 841].

1

## **Legal Standard**

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the burden of specifying the basis for its motion and showing the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the nonmoving party must produce specific evidence showing a material issue of fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). Factual differences are not considered material unless the differences are such that a reasonable jury could find for the party contesting the summary judgment motion. *Id.* at 252.

The Court must view the evidence and draw all reasonable inferences in a light most favorable to the nonmoving party. *Williams v. Int'l Paper Co.*, 227 F.3d 706, 710 (6th Cir. 2000). But the nonmoving party must do more than show some "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the nonmoving party must present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" *Shreve v. Franklin Cty., Ohio*, 743 F.3d 126, 136 (6th Cir. 2014). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Liberty Lobby*, 477 U.S. at 252.

Rule 56(c)(1) requires that a "party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A).

## Discussion

In a dispute over whether an oral contract existed, a

> plaintiff may survive summary judgment by demonstrating that there is a genuine issue of fact as to whether there was ever a meeting of the minds of the parties in regard to the particular terms of that contract. Where the dispute is over a specific term or terms of that alleged contract, the plaintiff may survive summary judgment by providing evidence tending to demonstrate a genuine issue as to whether the parties agreed to the particular term or terms.

*Bartley v. Handelsman*, 991 F.2d 794, *3 (6th Cir. 1993). "Kentucky law echoes the Sixth Circuit in holding that '[t]he question of the existence of a contract is a question of fact for the jury to answer.'" *Nat'l Info. & Commc'ns Equip. Network Inc. v. Willigan*, No. 06-cv-28-DLB, 2007 WL 2979928, at *12 (E.D. Ky. Oct. 11, 2007) (quoting *Audiovox Corp. v. Moody*, 737 S.W.2d 468 (Ky. App. 1987)). Similarly, "disputed questions of contractual intent are considered factual issues which are ordinarily precluded from summary resolution." *Id.* (citing *Manley v. Plasti–Line, Inc.*, 808 F.2d 468, 471 (6th Cir. 1987)).

Here, the parties disagree about whether Newton's initial employment agreement included commissions, whether ASI ever paid Newton by commission, and whether the parties ever modified his employment contract, in 2013 or otherwise. These are factual issues for a jury to resolve, and thus summary judgment is inappropriate at this stage of Newton's claims.

1. *Common law claims*

Factual disputes over the terms of Newton's employment contract permeate each of Newton's common law claims. For example, the breach of contract claim depends on the existence of and terms of the contract. *See* DE 95 at 914 (jury instruction on breach of contract—essential terms). Both the promissory estoppel and unjust enrichment claims are relevant only if the jury

3

finds that the parties never formed a contract. *Id.* at 918 ("Plaintiff is claiming that, if you find there was no written contract, that Plaintiff should be compensated for relying on the promise of ASI to pay commissions that that he was damaged as a result of that reliance."); *Holley Performance Prod., Inc. v. Keystone Auto. Operations, Inc.*, No. 1:09-CV-00053-TBR, 2009 WL 3613735, at *5 (W.D. Ky. Oct. 29, 2009) ("Under Kentucky law, '[t]he doctrine of unjust enrichment has no application in a situation where there is an explicit contract which has been performed.'") (quoting *Shane v. Bunzl Distribution USA, Inc*, 200 Fed. Appx. 397 (6th Cir. 2006)). Thus, Newton's common law claims are contingent on whether the jury determines that a contract existed, what the terms of that contract were, and whether Newton performed work under that contract. As a result, the Court cannot decide any of Newton's common law claims at this stage of the proceedings.

    2. *Wage and Hour Claim*

ASI also argues that the Court can decide the wage and hour claim because "there is unquestionably a *bona fide* dispute as to whether Plaintiff was entitled to any commission payments." [DE 69 at 611]. Thus, ASI cannot be liable under KRS 337.060.

Kentucky courts have found that because KRS 337.060 "clearly states that it applies to 'wages agreed upon' . . . if there is a reasonable dispute over the set amount of wages, the statute does not apply." *Bahil v. Flexsteel Indus., Inc*., No. 2019-CA-000064-MR, 2019 WL 6998646, at *2 (Ky. App. Dec. 20, 2019); *Bowman v. Builder's Cabinet Supply Co.*, No. CIV.A. 04-201-DLB, 2006 WL 2460817, at *10 (E.D. Ky. Aug. 23, 2006). In some cases, courts make this determination at the summary judgment stage. Typically, the cases decided on summary judgment involve disagreement about the application or meaning of a term of the contract. In *Bowman*, for example, the court found that the parties disagreed about whether the plaintiff qualified for a type

4

of compensation withholding, so the disagreement centered on the application of a term. *Id.*, 2006 WL 2460817, at *10. Similarly, in *Kimmel v. Progress Paint Mfg. Co.*, the parties disagreed about the meaning of the term "sale" in the compensation contract, so the court found "the agreed wage [was] in dispute [and did] not think KRS 337.060(1) applicable." *Id.*, No. 2002-CA-000273-MR, 2003 WL 1226837, at *3 (Ky. App. Jan. 10, 2003).

In contrast, ASI and Newton put forth contradictory versions of events about the formation of the contract, the contract terms, and possible amendment of the contract. If the jury accepts Newton's version of events, it may not be reasonable for ASI to have disputed that they owed commissions to Newton. Thus, while there may be a bona fide dispute about the agreed upon wages between ASI and Newton, the Court cannot make that determination on the evidence before it. Instead, the jury must first make a credibility determination between Newton's version of the agreement and ASI's version before a determination can be made about whether there was a "*reasonable* dispute over the set amount of wages." *Bahil*, 2019 WL 6998646, at *2 (emphasis added).

## Conclusion

For these reasons, **IT IS ORDERED** that ASI's Motion for Summary Judgment [DE 69] is **DENIED**.